UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH MILTON,

       Plaintiff,                CIVIL ACTION NO. 14-cv-13576

       v.                          DISTRICT JUDGE ARTHUR J. TARNOW

BOTTLING GROUP, LLC,        MAGISTRATE JUDGE MONA K. MAJZOUB

       Defendant.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL AND EXTEND DISCOVERY [12]

This matter comes before the Court on Plaintiff Joseph Milton's Motion to Compel and Extend Discovery Thirty (30) Days. (Docket no. 12.) Defendant Bottling Group, LLC responded to Plaintiff's Motion (docket no. 13), and the parties subsequently filed a Joint Statement of Resolved and Unresolved Issues (docket no. 18). The Motion has been referred to the undersigned for consideration. (Docket no. 14.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

Plaintiff initially filed this employment discrimination action in the Genesee County Circuit Court on or about August 4, 2014. (Docket no. 1 at 9-18.) On September 16, 2014, Defendant removed the matter to this Court. (Docket no. 1.) District Judge Arthur J. Tarnow issued a Scheduling Order on October 30, 2014, which unequivocally states, in relevant part, that all discovery must be completed by April 24, 2015; the Court will order no discovery to take

place after that date; and all discovery motions must be filed by March 24, 2015. (Docket no. 7 at 1.)

Soon thereafter, counsel for the parties discussed availability and arranged for the depositions of Plaintiff and four witnesses, including Mike Summit, "a key witness and decision-maker in Plaintiff's termination." (Docket no. 12 at 2; docket no. 13 at 2.) The depositions were noticed and scheduled for the week of January 26, 2015; however, Plaintiff canceled the depositions on January 23, 2015. (Docket no. 13 at 2.) Defendant's counsel rescheduled and took Plaintiff's deposition on February 20, 2015. (*Id.*) On April 14, 2015, Plaintiff re-noticed the depositions of Mr. Summit and the three other witnesses for April 23, 2015. (Docket no. 12 at 2.) The next day, Defendant's counsel informed Plaintiff's counsel via email that Mr. Summit would not be available for a deposition on April 23, 2015, due to a pre-scheduled out-of-state family vacation. (*Id.*; docket no. 12-2; docket no. 13 at 3.) It is unclear whether the parties discussed alternative dates for Mr. Summit's deposition. The other three depositions went forward on April 23, 2015 as noticed. (Docket no. 13 at 3.)

According to Plaintiff, Defendant has indicated that it is unwilling to stipulate to the taking of Mr. Summit's deposition after the close of discovery or to the extension of the discovery deadline so that Plaintiff may take Mr. Summit's deposition. (Docket no. 12 at 2.) Plaintiff, therefore, filed the instant Motion on April 24, 2015, seeking a court order compelling the deposition of Mr. Summit and a thirty-day extension of the discovery deadline to permit Plaintiff to take Mr. Summit's deposition.[1] (Docket no. 12 at 2-3.) Defendant filed a response in opposition to the Motion, arguing that it should be denied as untimely because it was filed on the discovery cut-off date. (Docket no. 13 at 5.) Defendant also argues that Plaintiff had earlier

---

[1] Plaintiff also raises an issue regarding Defendant's production of documents in the instant Motion; however, the parties indicate in their Joint Statement of Resolved and Unresolved Issues that this issue has been resolved. (Docket no. 12 at 3-4; docket no. 18 at 2.)

opportunities to depose Mr. Summit but chose not to do so, and he should not be permitted additional time to take the deposition outside of the discovery period merely because he waited until the last moment to schedule the deposition. (*Id.* at 5-6.)

Federal Rule of Civil Procedure 30(b)(1) provides that "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party." The Court finds that Plaintiff properly noticed the deposition of Mr. Summit before the close of discovery and is entitled to proceed with the deposition. The fact that the deposition could not be held before discovery closed is through no fault of Plaintiff. The Court will, therefore, order Defendant to produce Mr. Summit for a deposition at a mutually convenient time and place within twenty-one (21) days of this Opinion and Order. The Court will not modify the Scheduling Order to extend discovery by thirty days.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel and Extend Discovery Thirty (30) Days [12] is **GRANTED IN PART** and **DENIED IN PART** as follows:

a. Plaintiff's Motion to Compel the deposition of Mike Summit is GRANTED. Defendant will produce Mr. Summit for a deposition at a mutually convenient time and place within twenty-one (21) days of this Opinion and Order;

b. Plaintiff's Motion to Extend Discovery Thirty (30) Days is DENIED; and

c. Plaintiff's Motion to Compel the production of documents is DENIED as moot.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

4

Dated: September 22, 2015        s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

      I hereby certify that a copy of this Opinion and Order was served upon counsel of record on this date.

Dated: September 22_, 2015        s/ Lisa C. Bartlett
                                       Case Manager